IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRENTON JEFFERSON, St. Clair County Jail # 436894, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 12-835-GPM ) |
| MEARL JUSTUS, PHILLIP McLAURIN, THOMAS L. TRICE, OFFICER McPETE, OFFICER CLAYTON, OFFICER HARRIS, OFFICER COLLINS, and OFFICER WILSON, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, who is currently a pretrial detainee at the St. Clair County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was subjected to excessive force. He claims that on December 17, 2011, following a confrontation between two other detainees and two jail officers, he and a group of other inmates were removed from their regular cell block and put on lockdown. On December 21, 2011, Plaintiff was taken out of his cell and physically assaulted by several officers, who punched, kicked, pushed, and verbally abused him. Plaintiff's head was smacked against the floor and injured. During this time, he offered no resistance, and complied with the officers' orders (Doc. 1, p. 8). Plaintiff further alleges that the officers did the same thing to each of the other detainees, taking them from their cells one at a time to administer the beating. Plaintiff seeks damages, and discipline of the

officers involved.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action for excessive force against the officers who took part in beating him. Plaintiff's complaint does not clearly state which of the named Defendants were personally responsible for the alleged constitutional violations, referring to the assailants only as "officers." Five of the named Defendants have the title of "correctional officer" (Doc. 1, pp. 3-5). Giving liberal construction to Plaintiff's complaint, the Court concludes that Defendants McPete, Clayton, Harris, Collins, and Wilson are the officers against whom allegations of personal involvement are made.

However, there is no indication in the complaint that Defendants Justus (the county sheriff), McLaurin (the jail superintendent), or Trice (a sheriff's department investigator) were directly involved in the beating, or were even aware of the officers' conduct. Supervisory personnel cannot be held liable for the misconduct of their subordinates merely because of their status as managers. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that any of these three Defendants were "personally responsible for the deprivation of a constitutional right." *Id.* Accordingly, Defendants Justus, McLaurin, and Trice shall be **DISMISSED with prejudice**. *See Brady v. Aldridge,* No. 12-2179, 2012 WL 4373391 (7th Cir. Sept. 26, 2012) ("We add that the district court properly dismissed [plaintiff's] claim against [defendant] because the doctrine of *respondeat superior* does not apply to § 1983 suits and [plaintiff] did not allege that [defendant] was personally responsible for his dental care."), *citing Knight v. Wiseman,* 590 F.3d 458, 462-63 (7th Cir. 2009); *Johnson v. Snyder,* 444 F.3d 579, 583

(7th Cir. 2006).

**Disposition**

The Clerk of Court shall prepare for Defendants **MCPETE, CLAYTON, HARRIS, COLLINS,** and **WILSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 9, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge